REISSUED FOR PUBLICATION

NOV 9 2021

OSM

U.S. COURT OF FEDEARL CLAIMS

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: September 29, 2021

```
*  *  *  *  *  *  *  *  *  *  *  *  *   *
CATHERINE M. FREUND                     *    No. 18-1461V
                                        *
           Petitioner,                  *    Special Master Sanders
                                        *
v.                                      *
                                        *
SECRETARY OF HEALTH                     *    Dismissal; Show Cause Order;
AND HUMAN SERVICES,                     *    Failure to Prosecute
                                        *
           Respondent.                  *
*  *  *  *  *  *  *  *  *  *  *  *  *   *
```

<u>Catherine M. Freund</u>, *pro se*, Syracuse, NY, for Petitioner.
<u>Amanda Y. Pasciuto</u>, United States Department of Justice, Washington, DC, for Respondent.

### DECISION[1]

On September 24, 2018, Catherine M. Freund ("Petitioner") filed a petition through counsel for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioner alleged that she suffered from "an axonal variant" of Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccination administered on September 24, 2015. Pet. at 1, ECF No. 1.

On August 25, 2020, I ordered Petitioner to file a status report indicating whether she would obtain an expert report by October 26, 2020. Sched. Order, docketed Aug. 25, 2020. Rather than file her status report, Petitioner filed a motion for enlargement of time on October 23, 2020; *see also* Order, ECF No. 37 at 1. I granted Petitioner's motion and ordered her to file a status report by December 22, 2020. Order, docketed Oct. 23, 2020. Petitioner missed her December 22, 2020 deadline and again moved for an enlargement of time. ECF No. 34; *see also* ECF No. 37 at 1. I granted Petitioner's motion and directed her to file her status report by February 8, 2021. Order, docketed Dec. 23, 2020. Petitioner did not file her status report by February 8, 2021, but instead

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2012) ("Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

moved for an enlargement of time until February 12, 2021. ECF No. 35; *see also* ECF No. 37 at 2. I granted Petitioner's motion. Order, docketed Feb. 8, 2021. Petitioner did not file her status report indicating whether she would retain an expert by February 12, 2021. Petitioner instead filed a status report on February 11, 2021, stating that "[counsel] has not been able to obtain an expert report in this matter, and has advised . . . Petitioner of the same." ECF No. 36 at 1. Petitioner stated that she was "currently deciding whether to discontinue the case or retain new counsel." *Id.*

On March 9, 2021, I ordered Petitioner "to file a status report indicating that she has retained an expert or that she intends to proceed without an expert or to file a motion to dismiss her claim[]" by March 22, 2021. ECF No. 37 at 2. I noted that Petitioner had already had 196 days to indicate whether she would submit an expert report. *Id.* I stated that I would "not allow this case to remain on the docket indefinitely." *Id.* I informed Petitioner that I would issue an order to show cause if she did not comply with the order. *Id.*

On March 22, 2021, Petitioner filed a motion for enlargement of time rather than a status report. *See* ECF No. 38. Petitioner stated that it was necessary for her counsel to withdraw from the case and requested an additional two weeks for her counsel to prepare a motion to withdraw. Stating that I would "not entertain a motion to withdraw as counsel until Petitioner is in compliance with all outstanding orders[,]" I denied Petitioner's motion for enlargement of time. ECF No. 39 at 2. I allowed Petitioner until April 15, 2021, to comply with my March 9, 2021 order or to request a status conference. *Id.* On April 8, 2021, Petitioner requested a status conference. ECF No. 40 at 1.

I held a status conference with the parties' attorneys on April 20, 2021. *See* Min. Entry, docketed Apr. 20, 2021. Petitioner's attorney indicated that he and Petitioner had reached a disagreement on how to proceed. ECF No. 41 at 1. He reported that Petitioner had not yet obtained new counsel. *Id.* I ordered Petitioner to file a motion to withdraw and an affidavit affirming that she understands and accepts her responsibilities following her attorney's withdrawal by May 6, 2021. *Id.* at 2. I also stated that I would allow Petitioner one final opportunity to obtain an expert. *Id.* I ordered her to file a status report indicating that she had retained an expert or would proceed without an expert by May 24, 2021. *Id.* I reminded Petitioner that failure to comply with my orders may result in dismissal of her claim. *Id.* I informed Petitioner that failure to meet her deadline would result in the issuance of an order to show cause. *Id.* I warned Petitioner that no further extensions would be granted. *Id.*

On May 6, 2021, Petitioner moved for a one-week extension to submit her motion to withdraw as attorney and affidavit. ECF No. 43 at 1–2. Petitioner stated that, due to unforeseen circumstances in unrelated cases her attorney was handling, her attorney had been unable to supply her with a copy of her affidavit until May 4, 2021. *Id.* at 1. Respondent did not object to Petitioner's request. *Id.* at 2. I granted Petitioner's motion and ordered her to file her motion to withdraw as attorney and affidavit by May 13, 2021. ECF No. 44. I reminded Petitioner that her status report regarding whether she retained an expert or would proceed without one was due by May 24, 2021. *Id.*

Petitioner missed her May 13, 2021 deadline. Petitioner's attorney informed my chambers on May 14, 2021, that Petitioner had not yet returned her affidavit. Informal Comm., docketed May 19, 2021. He followed up on May 19, 2021 and May 26, 2021, and explained the extenuating

circumstances contributing to the delay. Informal Comm., docketed June 4, 2021. Petitioner also missed her May 24, 2021 deadline.

On June 4, 2021, Petitioner filed her motion to withdraw as attorney and affidavit. *See* ECF No. 45. In her affidavit, Petitioner confirmed that she and her attorney had reached a disagreement regarding whether to continue her case that prompted her attorney to withdraw. *See* ECF No. 45-2 ¶¶ 2–5. She noted that she was aware of both her May 6, 2021 and May 24, 2021 deadlines. *Id.* ¶¶ 6, 9. Petitioner stated that while her attorney provided her with a list of attorneys eligible to practice in the Program, she had not retained a new attorney and was proceeding without one. *Id.* ¶¶ 5, 7–8. She affirmed she understands that, without an attorney, she is solely responsible for complying with deadlines and other requirements. *Id.* ¶ 8. Petitioner further acknowledged that "my failure to respond to the Court's deadlines and/or submit the required proof in support of my claim will result in the dismissal of this action." *Id.* ¶ 10.

On June 9, 2021, I granted Petitioner's attorney's motion to withdraw. ECF No. 47 at 2. I stated that "[u]nder the circumstances, I w[ould] grant Petitioner one final opportunity to identify an expert." *Id.* I ordered her to file a status report indicating that she has retained an expert or will proceed without an expert by July 9, 2021. *Id.* at 2. I stated that the status report must contain either the name of the expert and when the expert has indicated the report will be ready to file or an affirmation that Petitioner will proceed without an expert. *Id.* at 2–3. I told Petitioner that I would issue an order to show cause if she failed to comply with this deadline. Noting Petitioner's history, I informed Petitioner that my chambers would not attempt to reach out regarding a missed deadline. Petitioner missed her July 9, 2021 deadline and has not offered any communication to my chambers.

On August 10, 2021, I issued an order to show cause. ECF No. 50. I ordered Petitioner to show cause why her case should not be dismissed for failure to prosecute by filing her status report with the required information by September 9, 2021. *Id.* at 3. I noted that by September 9, 2021, Petitioner would have had more than one year to submit her status report. *Id.* I warned Petitioner that failure to comply with this deadline would result in the dismissal of her petition. *Id.* Petitioner missed her September 9, 2021 deadline and has not contacted my chambers.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

Petitioner has now had 400 days to file her status report indicating whether she would file an expert report. Petitioner has also had 50 days to respond to my show cause order. Petitioner's continued failure to submit her status report despite several warnings and opportunities to comply indicates a disinterest in pursuing her claim. Therefore, this case must be **dismissed for failure to prosecute. The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master